WILBUR, Secretary of the Interior, v. UNITED STATES ex rel. CHESTATEE PYRITES & CHEMICAL CORPORATION.

No. 5639.

Court of Appeals of the District of Columbia.

Argued May 3, 1932.

Decided June 6, 1932.

Victor H. Wallace, of Washington, D. C., for appellant.

Edgar Watkins and Marion Smith, both of Atlanta, Ga., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

**VAN ORSDEL, Associate Justice.**

Appellee corporation filed a petition in the Supreme Court of the District of Columbia for a writ of mandamus to compel the Secretary of the Interior to adjust certain of its claims alleged to be allowable under what is known as the War Minerals Relief Act. From an order granting the writ this appeal was taken.

The question here involved is whether or not under the Acts of October 5, 1918, 40 Stat. 1009, of March 2, 1919, 40 Stat. 1272, 1274, and of November 23, 1921, 42 Stat. 322 (see 50 USCA § 80 note), net losses incurred for the purchase of property prior to the stimulation period, under the Act of March 2, 1919, and purchased by the relator during the period, and expenditures for taxes, legal services, and salaries of executive officers during the stimulation period, are items of net loss which the Secretary of the Interior is required by law to consider in adjudicating an award to claimants.

Under the Act of Congress of February 13, 1929, 45 Stat. 1166, jurisdiction was conferred upon the Supreme Court of the District of Columbia to review the decision of the Secretary on questions of law which had arisen, or might thereafter arise, in the adjustment of claims under the 1919 act, leaving, however, the decision of the Secretary on questions of fact conclusive. Wilbur v. United States ex rel. Vindicator Consolidated Gold Mining Company, 284 U. S. 231, 52 S. Ct. 113, 114, 76 L. Ed. 261.

Considering the right of plaintiff to recover for loss sustained by reason of the purchase of real estate where the title still remains in the plaintiff, the court in the Vindicator Case said: "The petitioner argues that the phrase 'such net losses as have been suffered' excludes claims where, at the time of the enactment, the purchaser still retained title to the property. But the net losses mentioned are not thus limited. Losses by reason of expenditures for property, real or personal, still owned by claimants are not excepted. The purpose is merely to reimburse; loss resulting from speculative investments is excluded; allowance of profits is forbidden. In determining actual net loss the value of the property purchased and retained by claimant is necessarily to be taken into account. The construction for which petitioner contends necessarily rests upon the hypothesis that one may not suffer loss by reason of expenditures for land while he continues to own it. No such assumption can be entertained for it is everywhere known that the contrary is true, and that the value of lands and plants purchased and constructed to produce minerals and other things needed wholly or principally to carry on the war was liable to, and in fact generally did, greatly and permanently decline when the struggle ended."

It was likewise held in the Vindicator Case that interest paid on borrowed money which was lost in the enterprise was a loss for which compensation should be awarded. We are unable to distinguish this holding from a case where money was paid for legal services necessarily expended in connection with carrying on the enterprise, or for money paid for executive salaries in connection with the administration work necessary in the management of the enterprise.

Coming to the remaining item as to loss sustained in payment of taxes, we are of the opinion that this item should be considered by the Secretary in determining the net loss sustained by the plaintiff corporation. It does not, however, necessarily mean that the entire tax paid upon the property may be recovered as a net loss; but the difference between the tax paid on property embraced in this governmental enterprise prior to the stimulation period and the tax paid during that period on the same property, as well as the tax on additional property procured as a result of the requirement of the government that plaintiff company should embark in this enterprise, are to be treated as proper items in the determination of net loss.

The judgment is affirmed.